# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANNY DUNHAM,                      )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. 07-1186-JTM-DWB
                                   )
                                   )
COFFEYVILLE RESOURCES, LLC, et.al., )
                                   )
            Defendants.            )
_____ )

## ORDER

On July 31, 2007, the Court entered a Minute Order shortening the time for Defendants to respond to Plaintiff's Motion for Order Pursuant to Fed. R. Civ. P. 26(c)(2) and (d) to Preserve Physical, Non-Electronic and Electronic Evidence and Permit Immediate Entry and Inspection of Defendants' Property and Facilities in Coffeyville, Kansas.  (Doc. 19.)  The Minute Order also set a telephone hearing on August 9, 2007 at 9:30 a.m. concerning the motion and response.  On August 1, 2007, Defendants filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 40), and on August 6, 2007, Defendants filed their response to Plaintiff's motion for a preservation order.

The Court has reviewed both Plaintiff's motion and Defendants' response.

As a result, the Court is CANCELLING the telephone hearing set for August 9, 2007.  The Court will allow Plaintiff until August 14, 2007 to file a reply.  If , after reviewing Plaintiff's reply, the Court believes a hearing is required the parties will be notified.

The Court believes that any reply from Plaintiff should specifically address the following points raised by Defendants:

1.Why a preservation order is necessary in light of Defendants' representations about its actions in preserving evidence and in light of the Administrative Order on Consent by the United States Environmental Protection Agency (Doc. 57 Ex. 1) (particularly the sampling requirements (page 7), the Quality Assurance Project Plan (page 8), and the obligation of Coffeyville Resources Refining & Marketing, LLC to submit to EPA, upon receipt, the results of all sampling or tests and all other data generated by it or its contractors during implementation of the Consent Order (page 11).

2.Any limit on the Court's authority to issue a preservation order in light of the pending dispute concerning this Court's subject matter jurisdiction.

3.The details of Plaintiff's proposal that it be granted access to Defendants' facility for the purpose of testing and sampling physical evidence.  While Plaintiff has attached a proposed Sampling Plan, that does not address how

long it would take to obtain the samples, how many people would be allowed on the premises for the sampling and testing, and whether such sampling and testing would interfere with Defendants' operations or with the operations being undertaken pursuant to the Consent Order with the E.P.A.

4. The results of any meet and confer sessions between counsel for the parties. Defendants state that no communications have occurred concerning this issue. (Doc. 57 at 2.) Plaintiff's initial preservation letter of July 19, 2007, represented that "[w]e look forward to working with your attorneys on a formal preservation order shortly." (Doc. 22 Ex. G at 1.) If the parties have, in fact, not met and conferred about the subject of a preservation order and an order which would allow access to Defendants' facility for inspection and sampling, they are to do so prior to the filing of any reply by Plaintiff.

Also pending is Plaintiff's Motion for Order to Appoint Interim Plaintiff's Committee. (Doc. 55.) While the MANUAL FOR COMPLEX LITIGATION, FOURTH, § 11.12 (2004) does indicate that the court may, *sua sponte*, enter such an order, it also points out that such committees "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Id. at § 10.221. Furthermore, it also cautions that committees of counsel can sometimes lead to substantially increased costs. *Id.*

While Plaintiff's motion requests that a committee be appointed and identifies the background and experience of the proposed members of the committee, it does not identify why such a committee is necessary at this time, or how the appointment of such a committee will further efficiency and economy in the handling of the present case. The Court will therefore withhold ruling on this motion and give Plaintiff an opportunity to supplement its motion to address these issues. Any supplement to the motion to appoint an interim Plaintiff's committee is to be filed on or before August 14, 2007.

IT IS SO ORDERED.

Dated at Wichita, Kansas this 7th day of August, 2007.

    s/ DONALD W. BOSTWICK
Donald W. Bostwick
U.S. Magistrate Judge