## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DANNY DUNHAM,               )
                               )
             Plaintiff,       )
                               )
     v.                    )     Case No. 07-1186-JTM-DWB
                               )
                               )
COFFEYVILLE RESOURCES, LLC, et.al., )
                               )
            Defendants.    )
                               )

## ORDER ON MOTION FOR RECONSIDERATION

Defendants have filed a Motion for Reconsideration of the Order of August 20, 2007 and for Additional Stay to Permit Reconsideration.  (Doc. 67.) Defendants argue that the cases concerning jurisdiction which were relied on by the Court are distinguishable and they dispute the necessity for sampling by reference to the decision of a judge in a state court class action case dealing with the same flood and release of oil by Defendants.  Defendants also seek a continued stay "for a time sufficient to permit reconsideration, and an appeal, if necessary to the District Court."  (Doc. 67 at 1.)

Because the stay of the August 20, 2007 Order expires at the close of business on August 22, 2007, *see* Doc. 66 at 7, the Court is issuing this Order

without awaiting a response from Plaintiff.

First, as to the argument that testing and sampling is unnecessary, the Court was not previously advised that this issue was being presented to the state court nor has the Court seen the decision of the state court judge and therefore cannot determine the circumstances under which he reached his decision.  While Defendants continue to state that they have accepted responsibility for the oil release in the area of Plaintiff's property, <u>as far as this case is concerned</u>, that acceptance of responsibility appears only in statements of counsel in briefs.  It may well be that Defendants have formally acknowledged responsibility for the oil release in the state court case.  However, in this case, Defendants have not filed an answer or made any other formal acknowledgment of responsibility for the oil release.  While Defendants' extra-judicial offers of compensation to landowners are very laudable and may well negate any need for this or any other litigation concerning the oil release, this Court cannot accept those representations as a basis for stopping any further action in this case, particularly actions which are directed only at preserving the *status quo*.  Therefore, reconsideration on this basis is denied.

The more serious concern all along has been this Court's jurisdiction to enter the orders requested by Plaintiff while there is an ongoing dispute concerning the

Court's subject matter jurisdiction.  As noted in the August 20, 2007 Order, Plaintiffs have not been any help to the Court in addressing that specific issue.  In its August 20, 2007 Order, the Court noted that normally any "discovery orders" would be held in abeyance pending a decision by the District Judge on the question of subject matter jurisdiction.[1]  Because it is the District Judge that must decide the jurisdictional issue, the Court in its August 20, 2007 Order specifically decided to "STAY its order until the close of business on August 22, 2007, in order to allow Defendants to seek review of this Order by the District Judge if they wish to do so."  (Doc. 66 at 7.)  However, rather than seeking review by the District Judge, Defendants have sought to prolong the process by first seeking reconsideration and by requesting an additional stay of the August 20, 2007 Order.

Because of the Court's concern about the subject matter jurisdiction dispute, the Court will deny the motion for reconsideration, but will extend the stay of the August 20, 2007 Order through the close of business on August 29, 2007 to allow

---

[1]  While the August 20, 2007 Order is clearly entered pursuant to the federal discovery rules which allow entry onto the lands of other parties, it cannot be viewed exclusively as a true discovery order.  Instead, its main objective was not to proceed to decide the case on the merits, but merely to preserve the *status quo* until the jurisdictional issues are resolved.  In this regard, the order in this case differs significantly from any of the orders discussed in the jurisdictional cases cited by either Defendants or the Court.

Defendants (or Plaintiff if it so desires) to seek review by the District Judge.[2] Since Plaintiff's response to the motion to dismiss is due by August 24, 2007, the District Judge will then have Plaintiff's full arguments on the subject matter jurisdiction issue and will be in a better position to determine whether the stay should continue pending his decision on Defendants' motion to dismiss.

If the stay granted in this Order expires without any attempt to seek a review by the District Judge, then the inspection and sampling initially ordered in the August 20, 2007 Order shall be completed not later than September 7, 2007, on the terms outlined in the August 20, 2007 Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration of the Order of August 20, 2007 and for Additional Stay to Permit Reconsideration.  (Doc. 67) is GRANTED IN PART and DENIED IN PART as stated in this Order.

Dated at Wichita, Kansas this 22nd day of August, 2007.


　　s/ DONALD W. BOSTWICK　　
Donald W. Bostwick
U.S. Magistrate Judge

---

[2]  As indicated by the fact that this motion for reconsideration was filed one day after the Court's August 20, 2007 Order, this extension of the stay will clearly allow Defendants sufficient time to fully present their arguments to the District Judge.