IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY DUNHAM,

          Plaintiff,

      vs.                          Case No. 07-1186-JTM

COFFEYVILLE RESOURCES, LLC, et al.,

          Defendants.


MEMORANDUM AND ORDER

      This matter is before the court on the defendants' Motion to Dismiss the action for lack of subject matter jurisdiction.  The sole issue arising from the motion is whether the court has jurisdiction to hear the present action as a class action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), 1453.  Defendants' original motion attacked all three of the putative grounds for jurisdiction offered by plaintiff in the Complaint — general diversity jurisdiction, CAFA, and the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701 *et seq.*  In response, plaintiff defended the exercise of jurisdiction only on the basis of CAFA.  Accordingly, the court will grant defendants' motion as to general diversity jurisdiction and OPA.

      The plaintiff makes no response to any of the facts set forth in defendants' motion.  Those facts establish that the defendants (with the exception of Coffeyville Resources Nitrogen Fertilizers, Inc.) which does not exist, are limited liability companies organized pursuant to Delaware law.  The

refinery at Coffeyville, Kansas was owned and operated by one of the defendants, Coffeyville Resources Refining & Marketing.  An adjacent fertilizer plant is owned and operated by Coffeyville Resources Fertilizers, which has not been named as a defendant. Coffeyville Resources, LLC is the sole member of both companies.   Kansas is the principal place of business of the defendant Coffeyville Resources Refining & Marketing, the owner and operator of the refinery.  This defendant has no other substantial place of business.

The plaintiff alleges a putative class consisting of "residents, domiciliaries and property owners of Coffeyville, Kansas." First Amended Complaint, ¶ 30.  The plaintiff complains about events occurring within Kansas, the state in which this action was filed. First Amended Complaint, ¶¶ 30, 33. The plaintiff alleges that his action was "the first filed." First Amended Complaint, ¶ 40(c). Thus, during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same putative class.

CAFA amended § 1332's federal diversity requirements in 2005, creating a general basis for federal jurisdiction over class action, assuming certain requirements are met, including minimal diversity and an amount in controversy in excess of $5 million.  However, CAFA also provides two exceptions potentially applicable here:  the Local Controversy exception and the Home State exception. In arguing whether CAFA applies, the parties dispute the applicability of these two exceptions.

Here, there is no dispute that the amount in controversy exceeds $5 million, and therefore this prerequisite to CAFA applicability is met.  28 U.S.C. § 1332(d)(2).

Under the Local Controversy exception, CAFA will not provide jurisdiction

(i) over a class action in which —

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II) at least 1 defendant is a defendant —

        (aa) from whom significant relief is sought by members of the plaintiff class;

        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

Under the Home State exception, the court must decline CAFA jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

The first contested question before the cout is whether the predominantly Kansas nature of the plaintiff class justifies application of a CAFA exception.  Under 28 U.S.C. § 1332(d)(4)(B), the court is required to decline jurisdiction over a class action under the Home State and Local Controversy exceptions where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  The parties dispute whether two-thirds of the the putative plaintiff class are citizens of the State of Kansas.

The plaintiff cites a variety of cases in arguing that the court should not apply the Local Controversy or Home State Exceptions in the absence of discovery and direct evidence as to the citizenship of the class. *See Evans v. Walter Indus.*, 449 F.3d 1159 (11th Cir. 2006); *Kearns v. Ford Motor Co.*, No. CV-05-5644-GAF (JTLX), 2005 WL 3967998 (C.D. Cal. Nov. 21, 2005); *Musgrave v. Aluminum Co.*, No. 3:06-cv-0029-RLY-WGH, 2006 WL 1994840 (S.D. Ind. July 14, 2006).

In each of these cases, however, circumstances existed which rendered the need for a fuller factual exploration necessary. In *Evans*, as the court itself noted, the complaint alleged a toxic exposure which was "extremely broad, extending over an 85-year period." In *Musgrave*, the action arose based on wastes produced "on the banks of the Ohio River" between Indiana and Tennessee, and the putative class included "former mine workers, adjoining land owners, and/or other individuals who worked/lived at or near the Squaw Creek mining operations [and] their spouses, widows, widowers, and families with children." 2006 WL 1994840 at 2. *Kearns* did not involve toxic property damages at all, but a claim of alleging abusive practices in connection with an automobile dealership sales program in which some 79,000 vehicles were sold.

The court finds that dismissal is required, and that further discovery is unjustified. This is because the plaintiff's *own characterizations of the case* demonstrate the purely local nature of the class. The Complaint itself states that the action is brought on behalf of a class composed of the "residents, domiciliaries and property owners of Coffeyville, Kansas." (Complaint, at ¶ 30). The Complaint further states that "the vast majority of ... victims are in Kansas," and that "plaintiff and each member of the proposed class own property in and around Coffeyville, Kansas in close proximity to the refinery." (Id. at ¶¶ 40, 68). The suggestion that further discovery may present a

4

basis for jurisdiction is simply an attempt to contradict the clear, prior statements of plaintiff that this is an action brought by Kansans for an event occurring in Kansas.

CAFA does not require exact citizenship of each member of the plaintiff class; the court may still apply a CAFA exception where the pleadings and circumstances of the case are such that it is "reasonably likely that two-thirds of the putative class members" are citizens of the forum. *Matter v. Clear Channel Comm.* 239 F.R.D. 70, 80 (S.D.N.Y. 2006). *See also Fiore v. First Am. Title Ins. Co.*, Case No. 05-CV-474, 2005 WL 3434074, *2 (S.D. Ill. Dec. 13, 2005) (applying standard of "reasonable probability" to CAFA jurisdictional claim).

The court finds that it is reasonably probable that more than two-thirds of the plaintiff class are Kansas citizens; the court finds that the CAFA exceptions potentially apply.  Given that this probability arises due to the plaintiff's own statements of the case, the court finds that this result would accrue even if the court were to conclude that the defendants had the burden of showing the applicability of a CAFA exception.

The plaintiff next argues that application of the CAFA exceptions is inappropriate because the defendants have failed to show either (a) a defendant is a "primary defendant" as defined in the Home State Exception or one "from whom significant relief is sought" or whose conduct forms a "significant basis for the claims asserted" under the Local Controversy exception, or (b) is also a citizen of Kansas.  The court finds that the plaintiff's arguments are without merit.

In this context,

> whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.

*Robinson v. Cheetah Trasp.*, No. 06-005, 2006 WL 468820 (W.D. La. Feb. 27, 2006).

The plaintiff has sued a number of legal entities, but one defendant clearly stands before all the others in importance:  Coffeyville Resources Refining & Marketing, LLC, which owns and operates the refinery in question.  The other defendants have no direct ownership in the refinery, and do not operate the facility.  Instead, these are merely other limited liability companies occupying some rung in the hierarchy of companies which in turn own Coffeyville Resources Refining & Marketing, LLC.  As such, their liability is derivative and indirect at best.

Coffeyville Resources Refining & Marketing, LLC is by any reasonable understanding both a primary defendant in the action, and a defendant from whom significant relief is sought.  The court has no difficulty in concluding that the CAFA exceptions potentially apply in light of the critical and essential role played in the action by Coffeyville Resources Refining & Marketing, LLC. *Cf. Evans*, 449 F.3d at 1167 (local defendant was only one of eighteen apparently unrelated defendants producing toxic materials, had done so only for a limited time and decades before the action was filed, and had its facility further from the center of the plaintiff class than other defendants).

Here, only one defendant was actively involved in the operation of the refinery at the time of the July, 2007 flood.  That defendant, Coffeyville Resources Refining & Marketing, LLC, is a "primary defendant" as defined in the Home State Exception.  It is also a defendant "from whom significant relief is sought" or whose conduct forms a "significant basis for the claims asserted" under the Local Controversy exception.

The question therefore becomes whether this company should be considered a citizen of Kansas.  The court finds no basis for reaching any different conclusion.  The plaintiff suggests that CAFA has changed how courts define the citizenship of unincorporated entities, and argue that

6

Coffeyville Resources Refining should be considered a Delaware citizen, since it is organized under the law of Delaware, and because its members are also citizens of Delaware.

Under 28 U.S.C. § 1332(d)(10), "an unincorporated association [is] deemed to be a citizen of the State where it has its principal place of business *and* the State under whose law it is organized." (Emphasis added). The plaintiff's suggestion that an unincorporated association can have only own domicile, and that the place of organization somehow trumps the place of doing business, is contrary to the statute. There is no dispute that Coffeyville Resources Refining has Kansas as its principal place of business. For purposes of applying CAFA, therefore, the court considers the company to be a citizen of both Kansas and Delaware.

In *Evans v. Walter Industries*, the court held that the burden of proving the application of a CAFA exception fell on plaintiffs who sought remand of the action after it had been removed by defendants. The court expressly noted that the difficulty in meeting this burden "is to a considerable degree a function of the class designed by plaintiffs." 449 F.3d at 1166. Here, the plaintiff has defined a class which establishes to a near certainty that virtually all members of the class are citizens of Kansas. It is clear that the primary defendant in the action is a citizen of Kansas, as well as a party against whom relief is sought. The action arises from a single incident which has been shown to affect only a single locality. Accordingly, this case represents precisely the type of case which CAFA intended to except from its general federal grant of jurisdiction for class actions.

The court holds that CAFA does not create jurisdiction to hear the present claims. As the court has already noted, plaintiff has made no attempt to support the other, alternative grounds for jurisdiction which were initially offered. The court denies the suggestion for additional discovery. First, the present action has already been on file for several months, and discovery on the issue could

7

have been completed during that time.  Second, as noted above, the applicability of the CAFA exceptions here is a function of plaintiff's own statements, and further delay of a dismissal justified under the law would be inappropriate merely to permit plaintiff to escape from his own allegations. The action is properly a matter for state court.

IT IS ACCORDINGLY ORDERED this 6th day of November, 2007 that the defendants' Motion to Dismiss (Dkt. No. 40) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE